IN THE COURT OF APPEALS OF TENNESSEE
AT KNOXVILLE
August 21, 2018 Session

## MARK PINTAURE ET AL. v. ANDREW FARMER ET AL.

**Appeal from the Circuit Court for Sevier County
No. 2013-CV-755-I     Don R. Ash, Senior Judge[1]**

_____

### No. E2017-01940-COA-R3-CV

_____

Mark Pintaure and Patricia Pintaure (plaintiffs) sued Andrew Farmer and Mariah Farmer (defendants) for breach of a lease agreement. Plaintiffs, the landlords, leased a residence to defendants under a six-month lease agreement. Defendants counterclaimed for alleged breach of contract, violation of the Uniform Residential Landlord and Tenant Act, and fraud. Following a bench trial, the court awarded plaintiffs $2,256 in damages and dismissed the counterclaim. Because the lease provides for an award of attorney's fees, the trial court initially awarded plaintiffs a fee of $694. Plaintiffs objected, arguing that the attorney's fee they had paid was significantly higher. After plaintiff's counsel submitted an affidavit and documentation of time spent on the case, the trial court awarded plaintiffs an additional $500 in attorney's fees. Plaintiffs appeal, arguing that the trial court's award was unreasonably low. Because the trial court's award of attorney's fees was unsupported by a finding of reasonableness or analysis of the required factors provided in Tennessee Supreme Court Rule 8, RPC 1.5, we vacate the award of attorney's fees and remand for further proceedings consistent with this opinion.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Vacated; Case Remanded for Further Proceedings

CHARLES D. SUSANO, JR., J., delivered the opinion of the court, in which D. MICHAEL SWINEY, C.J., and THOMAS R. FRIERSON, II, J., joined.

William L. Gribble, II, Maryville, Tennessee, for the appellants, Mark Pintaure and Patricia Pintaure.

Travis D. McCarter, Sevierville, Tennessee, for the appellees, Andrew Farmer and Mariah Farmer.

_____

[1] Sitting by designation.

1

# OPINION

## I.

The lease allows for an award of attorney's fees if it is

> placed in the hands of an attorney, after default or breach, for the enforcement or collection.

The trial court concluded that defendants breached the lease, and that plaintiffs had proven some, but not all, of their alleged damages.  At the end of trial, the court stated simply

> since there is a provision for attorney's fees here, I'm going to award attorney's fees of $694.

The following discussion occurred with the trial court:

> [Plaintiffs' counsel]: Your Honor, the only issue about the attorneys' fee is that my client paid me much more than that, and I would like to submit a bill to the Court of what she actually paid me.  Not what I actually have in the case, because if that was the case, it would be a lot more than what she paid me, but I would like to submit a bill and have that be based upon the money that she spent.
>
> THE COURT: Here's the problem with that. . . . I've got two lawsuits here pending.  I've got two lawsuits going on.  You're only entitled to recover attorneys' fees on the breach of contract, not on the defense of this [counter claim]. . . . And historically, I think, or most of the time, most attorneys, when they do this type of breach of contract thing, and I'm not saying you haven't been paid more than this, I'm saying in general sessions court, they usually get up and say I want a third of the recovery or something like that, or that's how much I want in attorneys' fees.  But you can go ahead and file an affidavit.  I'll take a look at it.

\*      \*      \*

2

> [Plaintiffs' counsel]: . . . we're asking just to be awarded what she's actually paid.

*     *     *

> THE COURT: I can't do what she's actually paid. What I can do is, like I said, if you want to prepare an affidavit for me of what you've spent specifically on the breach of contract case, then I'll look at it, but I'm not guaranteeing.
>
> So when you send me this order, leave a blank in there for any additional attorneys' fees, and he'll send me the affidavit by then. If I deem it's worthwhile, then I'll consider it. If not, then I'll put zero.

Plaintiffs' counsel submitted an affidavit stating that he had expended "over 24 hours of time," that he billed at a rate of $275, and that plaintiffs had paid him a total of $5,700 in fees. His supporting time sheet was broken down by specific activity and time expended, which totaled 23.7 hours.

The trial court's final judgment does not reference or incorporate its oral findings and conclusions stated at the end of the trial. It provides as follows in pertinent part:

> Plaintiffs shall be awarded six hundred ninety-four dollars ($694.00) in attorneys' fees as provided for in the lease agreement.[2]
>
> The Court has considered the affidavit of attorneys' fees provided by Plaintiffs' Counsel and awards additional attorneys' fees of $500.00.

(Footnote added.) Plaintiffs timely filed a notice of appeal.

---

[2] The lease does not provide for any specific amount of attorney's fees. The trial court did not explain how or why it came up with the figure of $694.

## II.

Plaintiffs raise the following issue, as quoted from their brief:

> Whether the trial court erred when awarding attorney fees and discretionary costs associated with this matter without applying any factors to its consideration and when the prevailing party incurred $5,700.00 in attorney fees and court reporter fees of $200.00 but the trial court only awarded a total of $1,694.00 for legal fees.

## III.

As a general principle, we review a trial court's award of attorney's fees under an abuse of discretion standard. ***Wright ex rel. Wright v. Wright***, 337 S.W.3d 166, 176 (Tenn. 2011). However, we have observed on several occasions that our standard is altered somewhat by the absence of (1) a finding of reasonableness of the awarded fee and (2) a discussion of the applicable factors determining such reasonableness:

> When the trial court has exercised its discretion in light of the appropriate factors and found the fee to be reasonable, we simply review for abuse of discretion. . . . Where, however, there is no finding that the fee is reasonable, and no way to ascertain whether the court made the award in light of the appropriate factors, there is no way for us to accord the normal deference to the trial court.

***Southwind Residential Prop. Ass'n, Inc. v. Ford***, No. W2016-01169-COA-R3-CV, 2017 WL 991108, at *13 (Tenn. Ct. App., filed Mar. 14, 2017) (quoting ***First Peoples Bank of Tenn. v. Hill***, 340 S.W.3d 398, 410 (Tenn. Ct. App. 2010)); *accord **Pounders v. Pounders***, No. W2010-01510-COA-R3-CV, 2011 WL 3849493, at *6-*7 (Tenn. Ct. App., filed Aug. 31, 2011).

## IV.

A trial court evaluating the reasonableness of an attorney's fee must consider the factors provided in Tennessee Supreme Court Rule 8, RPC 1.5. ***Wright***, 337 S.W.3d at 185; ***Rivera v. Westgate Resorts, Ltd., L.P.***, No. E2017-01113-COA-R3-CV, 2018 WL 1989620, at *4 (Tenn. Ct. App., filed Apr. 27, 2018). That rule provides, in pertinent part, as follows:

4

(a) A lawyer shall not make an agreement for, charge, or collect an unreasonable fee or an unreasonable amount for expenses. The factors to be considered in determining the reasonableness of a fee include the following:

(1) the time and labor required, the novelty and difficulty of the questions involved, and the skill requisite to perform the legal service properly;

(2) the likelihood, if apparent to the client, that the acceptance of the particular employment will preclude other employment by the lawyer;

(3) the fee customarily charged in the locality for similar legal services;

(4) the amount involved and the results obtained;

(5) the time limitations imposed by the client or by the circumstances;

(6) the nature and length of the professional relationship with the client;

(7) the experience, reputation, and ability of the lawyer or lawyers performing the services;

(8) whether the fee is fixed or contingent;

(9) prior advertisements or statements by the lawyer with respect to the fees the lawyer charges; and

(10) whether the fee agreement is in writing.

In *Wright*, the Supreme Court, addressing attorney's fees at length, provided the following additional guidance:

In terms of procedure, the trial court should develop an evidentiary record, make findings concerning each of the factors, and then determine a reasonable fee that "depend[s] upon the particular circumstances of the individual case."

5

*White*, 937 S.W.2d at 800. To enable appellate review, trial courts should clearly and thoroughly explain the particular circumstances and factors supporting their determination of a reasonable fee in a given case. *See **Hoffert***, 656 F.2d at 166 (finding no abuse of discretion in fee award to attorney representing minor tort victim where trial court considered each of the DR 2–106 factors and provided factual findings, "fully supported by the record," that were "sufficiently detailed to permit appellate review"); ***Ex parte Peck***, 572 So.2d at 429 ("A reviewing court must be able to ascertain from the record what factors the trial court considered in awarding the attorney fee.").

*Wright*, 337 S.W.3d at 185-86.

This Court has remanded numerous cases for reconsideration when a trial court has not followed this prescribed procedure. In ***Hill***, we stated,

> [w]here a trial court awards a fee, but there is nothing in the record to indicate that the trial court actually evaluated the amount of the fee to see if it is reasonable in light of the appropriate factors, the correct approach is to vacate the award and "remand [the] case to the trial court for a new determination of an attorney's fee award under [Supreme Court Rule 8, RPC 1.8] and the applicable case law." ***Ferguson Harbour Inc. v. Flash Market, Inc.***, 124 S.W.3d 541, 553 (Tenn. Ct. App. 2003).

340 S.W.3d at 410 (brackets in original); *accord **Carroll v. Corcoran***, No. M2012-01101-COA-R3-CV, 2013 WL 2382292, at *7 (Tenn. Ct. App., filed May 29, 2013). In ***In re Estate of Campbell***, No. 2011-02765-COA-R3-CV, 2012 WL 3090299, at *6 (Tenn. Ct. App., filed July 31, 2012), observing that "[w]e are faced here with a complete absence of any factual findings to show why the court awarded the fees," we stated:

> there must be something in the record that would allow us to conclude that there is evidence somewhere to support the award and that the trial court weighed the evidence in light of the applicable law and exercised its discretion with those things in mind.

*Id.*; *see also **Ferguson Harbour***, 124 S.W.3d at 552-53 (remanding fee award for reconsideration where the trial court made "no specific findings as to the factors which justify this amount in fees"); ***Southwind***, 2017 WL 991108, at *13 (remanding where "the trial court's ruling makes no mention of many of the factors outlined under Rule 1.5" and "neither the trial court's oral ruling, nor its written order, contains any finding that the award is reasonable under the circumstances"); ***Pounders***, 2011 WL 3849493, at *7 (remanding where "the trial court's order awarding $20,000 in attorney's fees simply states the amount of fees being awarded without mentioning their reasonableness, and there is no way to ascertain whether the court made the award in light of the appropriate factors"); ***Rivera***, 2018 WL 1989620, at *4.

In the present case, the trial court made no finding of reasonableness, nor did it refer to Rule 1.5 or any of its factors. It simply awarded an amount of fees with no further findings or explanation. Accordingly, under the abundance of precedential authority cited above, we vacate the order of attorney's fees and remand for reconsideration and the awarding of a reasonable fee, considering the applicable factors. On remand, the trial court is further directed to reconsider plaintiffs' request for discretionary costs.

## V.

The judgment of the trial court awarding attorney's fees is vacated, and the case is remanded for reconsideration and the award of a reasonable attorney's fee, in accordance with this opinion. Costs on appeal are assessed to the appellees, Andrew Farmer and Mariah Farmer.

_____
CHARLES D. SUSANO, JR., JUDGE

7